IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marathon Petroleum Company, LLC,

    Plaintiff,                                                   Case No. 3:09CV1817

    v.                                                          ORDER

Frank Aliaga and Maria Aliaga,

    Defendants

    This is a diversity suit by plaintiff, Marathon Petroleum Company, LLC, [Marathon] against defendants, Frank and Maria Aliaga. Marathon seeks to enforce a consent money judgment entered against Aliagas, Inc. by the U.S. District Court for the Southern District of Florida. Marathon, however, seeks to do so against the Aliagas, not the corporation, based on personal guarantees.

    Jurisdiction exists under 28 U.S.C. § 1332.

    Pending is defendants' motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), or alternatively to permit discovery and an evidentiary hearing to determine whether personal jurisdiction exists. [Doc. 9].

    For the reasons discussed below, I deny defendants' motion.

**Background**

    The corporation owns several gas stations in Florida. The Aliagas appear to have executed personal guarantee agreements covering the corporation's debt to Marathon so that

Marathon would grant the corporation a business loan. The Aliagas executed the personal guarantee agreements on January 1, 2000. Although the Aliagas deny signing the personal guarantee agreements, Marathon has submitted written agreements which appear to contain the Aliagas' signatures.

The Aliagas' personal guarantee agreements contain forum selection clauses that state: "This Guaranty shall be deemed to be delivered in Ohio and shall be governed by Ohio law (excluding its conflict of laws provisions). Any lawsuit regarding the Obligations and/or this Guaranty may be filed against Guarantor, and/or Debtor in Ohio." [Doc. 1, at 6]. The parties agree that, if valid, this clause is sufficient to support personal jurisdiction over defendants at this stage.

On June 22, 2000, Marathon issued a business loan to the corporation. At that time, the corporation and Marathon signed a loan agreement containing an integration clause. The integration clause stated that the loan agreement form constituted the complete agreement between the parties concerning the loan.

The corporation subsequently defaulted on the loan, and Marathon sued to enforce the loan agreement against the corporation in the U.S. District Court for the Southern District of Florida. Marathon received a consent money judgment in the amount of $630,578.17, with continuing interest, against the corporation.

Marathon filed this suit under the personal guarantee agreements to enforce the Florida judgment against the Aliagas personally.

**Standard of Review**

The plaintiff always bears the burden of proving that the court has jurisdiction over the defendant. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). The plaintiff's burden, however, is merely to make a *prima facie* showing that personal jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The court, "disposing of a 12(b)(2) motion[,] does not weigh the controverting assertions of the party seeking dismissal," because a contrary rule would allow defendants to defeat personal jurisdiction by filing an affidavit contradicting the jurisdictional facts alleged by the plaintiff. *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

The plaintiff's burden depends on whether the court chooses to rule based on the written submissions alone, or also to hear evidence on the personal jurisdiction issue. If the court rules based on written submissions alone, the plaintiff may not rest on his pleadings, but must set forth "by affidavit or otherwise[,] . . . specific facts showing that the court has jurisdiction." *Weller*, *supra*, 504 F.2d at 930.

**Discussion**

The Aliagas assert that I lack personal jurisdiction over them because the personal guarantee agreements are not authentic, and thus invalid. The Aliagas request that I allow pretrial discovery and hold a pretrial evidentiary hearing to determine the authenticity of the personal guarantee agreements. The Aliagas, alternatively, contend that the integration clause contained in the June 22, 2000, loan agreement between Marathon and the corporation renders the forum selection clauses in the personal guarantee agreements void. They argue that this precludes a finding that they have consented to jurisdiction in this court.

### A. The Authenticity of the Personal Guarantee Agreements

A defendant alleging facts that would defeat personal jurisdiction may request a pretrial evidentiary hearing on those facts. The Aliagas ask me to look beyond the parties' affidavits, review the facts, permit discovery and conduct a pretrial evidentiary hearing on the validity of the personal guarantee agreements and their forum selection clauses.

There is no statutorily mandated time for resolving disputes regarding personal jurisdiction. If the written submissions raise disputed issues of fact or seem to require credibility determinations, I have discretion to order an evidentiary hearing, and to order discovery of a scope broad enough to prepare the parties for that hearing. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

If I allow pretrial proceedings, plaintiff must prove jurisdiction exists by a preponderance of the evidence. *Id.* at 1214. If, however, I find it more appropriate to rule on the written submission of the parties alone, I need only determine that plaintiff has made a *prima facie* showing that jurisdiction exists. If I rule on the written submissions, I must consider the pleadings and affidavits in the light most favorable to plaintiff. *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 720 (6th Cir. 2006).

I am mindful that "the requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system." *Id.* at 721 (citing *Kennecorp Mortgage Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 66 Ohio St. 3d 173, 174 (1993)). A forum selection clause is one means by which contracting parties may agree, in anticipation of

4

litigation, to submit to the jurisdiction of a particular court. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 11 (1972). Forum selection clauses are *prima facie* valid, and are enforced unless enforcement is shown to be "unreasonable" under the circumstances. *Id.* at 10.

Here, Marathon makes a *prima facie* showing sufficient to establish personal jurisdiction over defendants. Marathon does not rely on its pleadings alone, but also on signed personal guarantee agreements. Marathon, therefore, has presented sufficient evidence showing that I have jurisdiction.

One hearing, rather than two, to adjudicate contested facts makes better use of judicial resources. *Serras*, *supra*, 875 F.2d at 1215 (citing *Bialek v. Racal-Milgo, Inc.*, 545 F. Supp. 25, 33-34 (S.D.N.Y. 1982)). Doing so at trial enables the parties, and particularly the plaintiff, to structure the case, and "postponing proof till trial allows a plaintiff to present all [his or] her proof 'in a coherent, orderly fashion and without the risk of prejudicing his [or her] case on the merits.'" *Id.* (quoting *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285-86 n.2 (9th Cir. 1977)).

Especially when jurisdictional issues and the merits are intertwined, I should not require plaintiff to put forth proof that would essentially require it to establish its right to relief. *Id.* It is therefore often most appropriate to determine personal jurisdiction initially based on the written submissions alone, and to reserve further factual determinations for trial. *Id*.

The Aliagas each present affidavits stating that the forum selection clauses are forged. While these affidavits suffice to raise the issue of whether the personal guarantees are authentic, Marathon has met its initial burden as to the propriety of personal jurisdiction.

To avoid prejudicing Marathon's case, and because the factual disputes are intertwined with issues on the merits, I deny the Aliagas' request to allow pretrial discovery and hold an evidentiary hearing on this issue at this point.[1]

### B. The Loan Agreement's Integration Clause

The Aliagas also argue that the integration clause contained in the loan agreement between the corporation and Marathon supersedes the personal guarantee agreements, rendering the forum selection clauses void.

The loan agreement's integration clause states:

13. INTEGRATION. This Agreement contains the entire agreement between the Parties relating to its subject matter, and there are no antecedent or contemporaneous oral or written promises or agreements modifying, qualifying, or augmenting its terms or any other oral or written representations inducing its execution.

By its own terms, however, this integration clause applies only to contracts between the parties to the loan agreement. Here, Marathon[2] and the corporation executed the loan agreement. Marathon and the Aliagas, individually, separately executed the personal guarantees. The loan

---

[1] This pretrial determination that personal jurisdiction exists, however, "does not relieve [plaintiff] . . . at the trial of the case-in-chief from proving the facts upon which jurisdiction is based by a preponderance of the evidence." *Serras*, *supra*, 875 F.2d at 1214 (quoting *U.S. v. Montreal Trust Co.*, 358 F.2d 239, 242 n.4 (2d Cir. 1966)). A pretrial ruling denying a 12(b)(2) motion to dismiss, moreover, "does not purport to settle any disputed factual issues germane to the underlying substantive claim." *Id.* (quoting *Val Leasing, Inc. v. Hutson*, 674 F. Supp. 53, 55 (D. Mass. 1987)).

The Aliagas thus retain the opportunity to dispute the authenticity of the guarantee documents at trial.

[2] Marathon's predecessor, Marathon Ashland Petroleum, LLC, actually executed the loan agreement with the corporation.

agreement, not being an agreement between the same parties, does not release the Aliagas of their personal responsibility for the corporation's debt. *See, e.g.*, *Lewis v. Oakley*, 847 So. 2d 307, 329 (Ala. 2002).

Defendants' argument on this point must thus fail.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT defendants' motion to dismiss plaintiff's complaint [Doc. 9] be, and the same hereby is, denied. A scheduling conference is set for February 16, 2010 at 2:00 p.m.

So ordered.

                                                                                              s/James G. Carr
                                                                                               James G. Carr
                                                                                               Chief Judge